NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1444

PANAVISE PRODUCTS, INC.,

Plaintiff-Appellant,

v.

NATIONAL PRODUCTS, INC.,

Defendant-Appellee.

Joseph A. Walker, The Walker Law Firm, APC, of Newport Beach, California, for plaintiff-appellant.  With him on the brief was Jason Matthew Lamb.

David K. Tellekson, Darby & Darby P.C., of Seattle, Washington, for defendant-appellee.  With him on the brief were Robert L. Jacobson and Mark P. Walters.

Appealed from:  United States District Court for the Central District of California

Judge Audrey B. Collins

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1444

PANAVISE PRODUCTS, INC.,

Plaintiff-Appellant,

v.

NATIONAL PRODUCTS, INC.,

Defendant-Appellee.

Appeal from United States District Court for the Central District of California in case no. 08-CV-1300, Judge Aubrey B. Collins.

_____

DECIDED: January 6, 2009

_____

Before MICHEL, Chief Judge, PROST, and MOORE, Circuit Judges.

MICHEL, Chief Judge.

In this declaratory judgment action, Plaintiff-Appellant Panavise Products, Inc. ("Panavise") appeals from an order granting the motion to dismiss for lack of subject matter jurisdiction by Defendant-Appellee National Products, Inc. ("NPI"). See Minutes of In Chambers Order, Panavise Prods., Inc. v. Nat'l Prods., Inc., No. 08-1300 (C.D. Cal. May 30, 2008) ("Order"). Under the totality of the circumstances, Panavise has not shown a substantial controversy between Panavise and NPI upon which the court's subject matter jurisdiction may rest, despite an opportunity to respond to NPI's factual challenge. Therefore, we affirm the district court's dismissal of Panavise's complaint.

## I.   INTRODUCTION

Both Panavise and NPI manufacture and sell suction cup mounting devices for portable equipment.  NPI is the assignee of U.S. Patent No. 6,666,420 ("the '420 patent").  The '420 patent issued on December 23, 2003.  Between January 27, 2005 and February 5, 2007, NPI initiated at least six separate lawsuits against various entities, alleging infringement of the '420 patent.

On February 26, 2008, Panavise filed a complaint for declaratory relief in the United States District Court for the Central District of California.  Panavise alleged (1) that it "ha[d] manufactured and produced," "ha[d] publicly used and displayed," "ha[d] distributed and continue[d] to distribute samples of," and "[would] begin or ha[d] begun distribution and sales of" a "potentially infringing device known as the Model '811 Series;'"  (2) that NPI observed the Model 811 Series at a trade show in Las Vegas in January 2008; and (3) that NPI has filed various lawsuits against various entities, alleging infringement of NPI's patents, including the '420 patent.  Panavise also alleged that NPI's conduct "ha[d], and continue[d] to, put [Panavise] under a reasonable and serious apprehension of an imminent suit in light of the fact that [Panavise] ha[d] manufactured and produced a potentially infringing device."  Panavise sought a declaratory judgment that its products did not infringe the '420 patent, and that the '420 patent was invalid and unenforceable.

NPI filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Panavise opposed.  On May 30, 2008, the district court granted NPI's motion to dismiss.  After correctly noting the subject matter jurisdiction standard in a declaratory judgment patent action under MedImmune Inc. v. Genentech

2

Inc., 127 S. Ct. 764 (2007) and <u>SanDisk Corp. v. STMicroelectronics, Inc.</u>, 480 F.3d 1372 (Fed. Cir. 2007), the court concluded that "[t]he absence of any communication or conduct by NPI towards Panavise about the 811 series devices [was] dispositive of the jurisdictional question: there [was] no actual case or controversy . . . ." Order at 5. It therefore dismissed Panavise's complaint.

Panavise timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II.    DISCUSSION

A.    Standard of Review

We review a district court's dismissal of a patent claim for lack of subject matter jurisdiction <u>de novo</u>. <u>Sandisk</u>, 480 F.3d at 1377. We review the underlying factual findings for clear error. <u>Id.</u>

B.    Analysis

In analyzing jurisdictional questions in declaratory judgment actions, there is no bright-line rule. <u>MedImmune</u>, 127 S. Ct. at 771. Instead, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Id.</u>

Panavise argues that the district court failed to follow the <u>MedImmune</u> standard, and instead, applied the prior Federal Circuit standard that <u>MedImmune</u> overruled, the "reasonable apprehension of imminent suit test." Specifically, Panavise emphasizes that the district court, in deeming the absence of any communication or conduct by NPI

towards Panavise as "dispositive" of the jurisdictional question, committed a reversible error.

As an initial matter, because we review issues of jurisdiction de novo, we need not decide whether the logic or supporting rationale as stated by the district court was sound. Mangosoft, Inc. v. Oracle Corp., 525 F.3d 1327, 1330 (Fed. Cir. 2008). See also Acumed LLC v. Stryker Corp., 483 F.3d 800, 809 n.2 (Fed. Cir. 2007) ("We review only the district court's finished product, not its process."). We realize that the word "dispositive" may have created the misimpression that the district court only considered a single factor in deciding the case. However, the district court expressly acknowledged the correct legal test under MedImmune and plainly took all the relevant facts into account in determining subject matter jurisdiction, as a reading of its entire Order shows. See Order at 3-5.

A party claiming declaratory judgment jurisdiction has the burden to establish the existence of such jurisdiction. See Benitec Austl., Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1344 (Fed. Cir. 2007). In this case, Panavise alleged in its complaint that an actual controversy existed because of NPI's conduct, including the fact that NPI had asserted the '420 patent against various entities, as well as the "information and belief" that NPI observed the Model 811 Series, the "potentially infringing device." NPI filed a motion to dismiss, asserting that "the facts of this case [were] clearly outside the limits of federal court jurisdiction" under the Declaratory Judgment Act. In support, NPI submitted a declaration by its president and the sole inventor listed on the '420 patent, Jeffrey Carnevali. Mr. Carnevali stated (1) that neither he, nor anyone in his company, had ever "seen or evaluated the 811 Series Device;" (2) that he "was not even aware

4

that Panavise made such a product until after their complaint was filed;" and (3) that his company and its lawyers "had absolutely no contact with Panavise relating to the 811 Series Device or the '420 patent prior to the date its complaint was filed."

In doing so, NPI mounted a factual attack of the asserted basis of subject matter jurisdiction. We have previous stated that if a declaratory judgment defendant adequately challenges jurisdiction in fact, "the allegations in the complaint are not controlling." Cedars-Sinai Medical Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993). Therefore, as NPI's factual challenge was adequate, it placed the burden on Panavise to demonstrate facts sufficient to support its contention regarding the court's jurisdiction. See id. at 1584 (stating that once jurisdiction is factually challenged, "allegations alone are insufficient to meet the complainant's burden."). In other words, Panavise must produce sufficient evidence to establish subject matter jurisdiction.

We recently reiterated that an actual "controversy must be based on a real and immediate injury or threat of future injury that is caused by the defendants—an objective standard that cannot be met by a purely subjective or speculative fear of future harm." Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1338 (Fed. Cir. 2008) (emphasis in original). Panavise submitted a declaration by its president, Gary Richter, who stated that Panavise had "sold approximately 20,000 units of the Model '811 Series' suction cup mounts through a subsidiary to a foreign company that [would] import to and distribute [them] throughout the United States . . . ." Panavise did not allege, however, that NPI actually restrained its right to freely market its products before or at the time the complaint was filed. To the contrary, Mr. Richter stated that starting from as early as 1997, Panavise distributed and sold in the public a suction cup mount known as the

5

Model 711, a device identical to the Model 811 Series, "except for some minor structural differences." Therefore, the only basis for Panavise's declaratory judgment complaint is its assumptions about a threat of future injury. Under settled law, Panavise must present factual proof that such threat is real and immediate. Panavise failed to meet this threshold burden.

In its opposition to NPI's motion to dismiss, Panavise argued that its complaint had put NPI "on notice of the adverse legal interests of the parties." In addition, Mr. Richter stated in his declaration that NPI was "a known and recognized competitor of Panavise," that both Panavise and NPI had booths at the Las Vegas trade show, and that it was "important to visit the booths of known and recognized competitors to observe the new products being offered in the marketplace." We take these statements as suggesting that NPI observed the "potentially infringing device." This information is the same as that alleged in the complaint and therefore, is insufficient to rebut NPI's factual challenge of jurisdiction. Furthermore, as the district court correctly pointed out, the suggestion that NPI actually knew of the Model 811 Series is mere speculation—there is nothing "definite and concrete," and nothing "real and substantial," as Panavise has never presented any evidence and proof to support its allegation. See MedImmune, 127 S. Ct. at 771. In fact, the only evidence before the court was Mr. Carnevali's declaration denying that NPI observed the Model 811 Series in Las Vegas or was even aware of its existence before the filing of the complaint.

Nor, in view of the evidence do we see the immediacy of any threat of future injury. Panavise submitted a request for judicial notice of six lawsuits initiated by NPI between January 27, 2005 and February 5, 2007, in which NPI asserted infringement of

6

2008-1444

the '420 patent. However, the last lawsuit was filed more than a year prior to Panavise's filing of this declaratory judgment action. In addition, the '420 patent issued in December 2003. While Panavise's Model 711, a device substantially identical to the allegedly "potentially infringing product," has been on the market since 1997, NPI has yet to accuse Panavise of infringement or take any actions which may imply such allegation. The lack of any evidence that NPI plans to assert the '420 patent against Panavise prevents us from concluding that Panavise faces any immediate threat of future injury.

We do not, of course, mean that the lack of direct pre-complaint communication between a patentee and a declaratory plaintiff by itself is sufficient to defeat subject matter jurisdiction. See SanDisk, 480 F.3d at 1381 (stating that "the outer boundaries of declaratory judgment jurisdiction . . . depend[s] on the application of the principles of declaratory judgment jurisdiction to the facts and circumstances of each case."). On the contrary, we recognize that "[p]rior litigious conduct is one circumstance to be considered in assessing whether the totality of circumstances creates an actual controversy." Prasco, 537 F.3d at 1341. However, there are many other circumstances that must also be considered. In this case, the prior lawsuits in which NPI asserted the '420 patent concern different products. Panavise does not argue or present any evidence to show that its Model 811 Series device is similar to any of those accused products. The mere allegation that the Model 811 Series "potentially" infringes the '420 patent falls short of satisfying Panavise's burden of proof. Therefore, the fact that NPI routinely enforces its patent rights, when viewed under the totality of the circumstances

7

2008-1444

in this case, is insufficient to create an actual controversy and establish subject matter jurisdiction.

C.      Sanction

NPI files a motion for sanctions under Fed. R. App. P. 38. We deny NPI's motion. Although the appeal can be viewed as very weak from both a factual and a legal stand point, we do not agree that it rises to the level of frivolousness. At the same time, we do note that this appeal approaches wasting the court's time and unduly delaying more deserving litigants.

### III.      CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of Panavise's complaint.