ARRIS GROUP, INC., Plaintiff,

v.

BRITISH TELECOMMUNICATIONS
PLC, Defendant.

Civil Action No. 1:09–CV–671–CAP.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 18, 2010.

Arianna Frankl, Matthew L. Kaufman, Seth H. Ostrow, Ostrow Kaufman & Frankl LLP, New York, NY, Armando Francisco Rois–Mendez, Jerry Chieh Liu, Arris Group, Inc., Suwanee, GA, Jeffrey C. Morgan, Troutman Sanders, Atlanta, GA, for Plaintiff.

James H. Shalek, Proskauer Rose, New York, NY, Christina M. Baugh, Fellows Johnson & La Briola, Henry Milton Quillian, III, Taylor English Duma LLP, Atlanta, GA, for Defendant.

## ORDER

CHARLES A. PANNELL, JR., District Judge.

This matter is now before the court on the defendant's motion to dismiss for lack of subject matter and personal jurisdiction [Doc. No. 17], the plaintiff's motion for jurisdictional discovery [Doc. No. 30], and the plaintiff's motion for leave to file a surreply [Doc. No. 45]. As an initial matter, the plaintiff's motion for leave to file a sur-reply [Doc. No. 45] is GRANTED. The plaintiff's sur-reply was considered by the court in ruling on the defendant's motion to dismiss [ Doc. No. 17].

## I. Factual Background

The plaintiff, Arris, develops, manufactures, and supplies cable telephony, video, and high-speed data products, as well as outside plant construction and maintenance equipment, for cable system operators [Doc. No. 32–2, ¶ 3]. CableOne has been Arris's customer for over a decade; Arris supplies CableOne with certain components used in CableOne's network [ Doc. No. 32–2, ¶ 6]. On July 17, 2007, the defendant first contacted CableOne, alleging that CableOne's cable network infringed certain claims of the patents involved in this suit [Doc. No. 17–3, ¶ 7]. The patents generally concern systems and methods that relate to cable networks that route both voice and data traffic and the operation of those networks [Doc. No. 19, Exhibit A]. In its July 2007 letter, the defendant stated that it wanted to negotiate a license with CableOne and that IPValue would serve as the defendant's agent in negotiating such a license [Doc. No. 17–3, Exhibit A]. The letter stated that the defendant "would like to assure [ CableOne] that our current intention is to allow Cable One to continue its use of these patents through a license from BT, on reasonable terms and conditions" [Id.].

In response to this letter, on August 15, 2007, CableOne requested that it be provided a "specific comparison of the claims of those patents to our cable systems or operations" [Doc. No. 17–3, Exhibit B]. IPValue sent the requested comparisons showing "the applicability of selected claim elements in the four BT patents to Cable One's services" to CableOne via email on August 23, 2007 [Doc. No. 19, Exhibit A]. The comparison analysis did not allege infringement by any party other than CableOne, and it specifically stated on its cover that no particular component manufacturer was accused of infringement [Id.]. IPValue and CableOne met on October 23, 2007, at CableOne's offices in Phoenix [ Doc. No. 19–7, ¶ 11]. At this meeting, IPValue and CableOne only discussed CableOne's infringement and did not discuss any infringement by Arris [Doc. No. 19–7, ¶¶ 12–13].

In November 2007, CableOne sent a letter to Arris notifying Arris of the infringement assertions made by the defendant as to the patents at issue in this case, and CableOne stated its expectation that Arris would "defend, indemnify and hold harmless Cable One from these assertions of

infringement" [ Doc. No. 19–1, ¶¶ 7–8]. Subsequent to the initial meeting between IPValue and CableOne, CableOne indicated that it had involved its vendors, such as Arris and Nortel, in these licensing discussions because of contractual obligations that it believed that it had to those vendors [Doc. No. 19–7, ¶ 14]. In February 2008, when the parties decided to hold another face-to-face meeting for continuing negotiations, CableOne proposed that the next meeting include its vendor Arris and be held in Atlanta near Arris' offices [Doc. No. 19–8]. During this March 2008 meeting, IPValue again discussed CableOne's infringement; there was no discussion of whether Arris was infringing the patents at issue here, and no effort was made to negotiate a license to Arris [Id.].

Beginning in April 2008, IPValue and CableOne negotiated a non-disclosure agreement to facilitate further licensing discussions between IPValue and CableOne; this agreement was executed on July 8, 2008 [Doc. No. 19–8, ¶ 17]. Arris was not involved in any negotiations related to the agreement and was not a signatory [Doc. No. 17–2, Exhibit C]. On August 29, 2008, the parties again met in Atlanta to discuss licensing CableOne under the patents at issue here, and IPValue did not accuse Arris of direct or indirect infringement at this meeting [Doc. No. 19, ¶ 19].

Following the August 29, 2008, meeting, on September 17, in rebuttal to IPValue's presentation made to CableOne regarding CableOne's infringement, Arris sent IPValue an analysis of certain claim elements that it believed were not met by CableOne's network [Id., ¶ 20]. Two further conference calls took place in which Arris presented its rebuttal materials and IPValue responded to them [Id., ¶¶ 21–22]. Consistent with prior discussions, IPValue did not accuse Arris of direct or indirect infringement during these calls, and the discussions related solely to licensing the patents at issue here [Id.]. In December 2008, IPValue sent a licensing proposal to CableOne, and this license explicitly stated that the "license is granted to Cable One only" [Doc. No. 19–12].

On March 31, 2009, Arris filed an action in this court [Doc. No. 1] seeking: (1) a declaration that Arris has not infringed and does not infringe any claim of the patents-in-suit, (2) an injunction preventing the defendant from charging infringement or instituting any action for infringement against Arris or Arris' customers, (3) a declaration of patent invalidity, and (4) attorneys' fees pursuant to 35 U.S.C. § 285. British Telecommunications has moved for dismissal [Doc. No 17] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) on the grounds that the court lacks subject matter and personal jurisdiction.

## II. Motion to Dismiss—Subject Matter Jurisdiction [Doc. No. 17]

■■■ To determine whether subject matter jurisdiction exists in a declaratory judgment action, a court must analyze the "totality of circumstances" to determine whether there exists: "(1) an injury-in-fact, i.e., a harm that is concrete and actual or imminent, not conjectural or hypothetical, (2) that is fairly traceable to the defendant's conduct, and (3) redressable by a favorable outcome." *Prasco, LLC v. Medicis Pharmaceutical Corp.*, 537 F.3d 1329, 1338 (Fed.Cir.2008). The dispute at issue must be " 'definite and concrete, touching the legal relations of the parties having adverse legal interests,' " must be " 'real and substantial,' " and must allow for " 'specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S.Ct. 764, 166 L.Ed.2d 604

(2007) (quoting *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)).

▮ At a minimum, a patentee must cause a real and immediate injury or threaten future injury to a plaintiff in order to give rise to an Article III case or controversy. *Prasco*, 537 F.3d at 1339. A patentee fails to create a controversy even when that patentee routinely enforces its patent rights against members of an industry of which the plaintiff is a part. *Prasco*, 537 F.3d at 1340; *Panavise Products, Inc. v. National Products, Inc.*, 306 Fed.Appx. 570, 572–73 (Fed.Cir.2009) (affirming dismissal under Rule 12(b)(1) because a litigious defendant never threatened to sue the plaintiff). Similarly, suing or threatening to sue third parties falls short of a controversy. *Panavise*, 306 Fed.Appx. at 573; *Document Security Systems, Inc. v. Adler Technologies, Inc.*, No. 03–CV–6044, 2008 WL 596879, at *10–11 (W.D.N.Y. Feb. 9, 2008) (dismissing declaratory judgment action against a patentee because the patentee's lawsuits against unrelated third parties did not create a definite, concrete, and real controversy).

The defendant contends that subject matter jurisdiction does not exist here because it neither threatened Arris with infringement nor suggested that Arris should license the patents in suit; instead, the defendant contacted CableOne, the plaintiff's customer, for licensing talks. Therefore, the defendant contends that there is not a substantial controversy between the parties that is of sufficient immediacy and reality to warrant a declaratory judgment action. Arris contends that the defendant's enforcement tactics are precisely the type of activities that the Declaratory Judgment Act was intended to remedy. Arris contends that the defendant was engaging in "scare-the-customer-and-run tactics" by accusing CableOne of infringement, causing CableOne to demand that Arris indemnify and defend it.

▮ The facts in this case are similar to *Fujitsu v. Nanya Technology Corp.*, No. C 06–6613, 2008 WL 3539503 (N.D.Cal. Aug. 12, 2008). In *Fujitsu*, a manufacturer sold a device to a customer; the customer used that device in a method that was subject to an infringement claim from the patentee. *Fujitsu*, 2008 WL 3539503, at *3. The patentee never accused the manufacturer of infringement, but the manufacturer, arguing that the lawsuit against its customer created a justiciable controversy, filed a declaratory judgment action against the patentee. *Id.*, at *1. The court dismissed the action under Federal Rule of Civil Procedure 12(b)(1) because no controversy existed between the patentee and the manufacturer. *Id.*, at *3–*4. Here, Arris is likewise basing its arguments in support of this court's jurisdiction on the defendant's actions directed towards CableOne, Arris' customer, rather than Arris itself. However, in this case, unlike in *Fujitsu*, there is no ongoing litigation between CableOne and British Telecommunications. Thus, the court finds that the defendant's actions directed at CableOne do not constitute a real and immediate injury for Article III jurisdiction.

Arris has not met its burden of showing the existence of a case or controversy. *See Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed.Cir.2007) ("The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed."). Therefore, the defendant's motion to dismiss for lack of subject matter jurisdiction [Doc. No 17] is GRANTED.

### III. Motion to Dismiss—Personal Jurisdiction [Doc. No. 17]

As the court has found that it does not have subject matter jurisdiction, the court

will not address the arguments regarding personal jurisdiction.

### IV. Motion for Jurisdictional Discovery [Doc. No. 30]

As the court has found that it does not have subject matter jurisdiction, the plaintiff's motion for jurisdictional discovery [Doc. No. 30] is DISMISSED as MOOT.

### V. Conclusion

For the reasons stated above, the plaintiff's motion for leave to file a sur-reply [Doc. No. 45] is GRANTED. The defendant's motion to dismiss for lack of subject matter and personal jurisdiction [Doc. No. 17] is GRANTED. The plaintiff's motion for jurisdictional discovery [Doc. No. 30] is DISMISSED as MOOT. The clerk is DIRECTED to close this action.